Charles LENNON

v.

DACOMED CORPORATION
and National Union
Fire Insurance.

No. 04–292–A.

Supreme Court of Rhode Island.

Oct. 17, 2006.

Albert Romano, Providence, for Plaintiff.

Brooks Magratten, Providence, for Defendant.

## ORDER

This products liability action was previously before this Court on the parties' cross appeals, and on June 23, 2006, we filed an Opinion (see *Lennon v. Dacomed Corp.*, 901 A.2d 582) wherein a) we granted the appeal of defendant manufacturer Dacomed Corporation (Dacomed) and dismissed the judgment for plaintiff against Dacomed on *res judicata* grounds; b) we denied and dismissed the appeal of the defendant, National Union Fire Insurance (National Union), for noncompliance with the specificity requirement of Article I, Rule 3(c) of the Supreme Court Rules of Appellate Procedure; and c) *we granted in part and denied in part the plaintiff's appeal*. The pertinent provisions of our mandate stated:

"The judgment against National Union is modified in accordance with this Opinion; the plaintiff will be afforded a twenty day period within which he may accept or reject the remittitur; the judgment ordering a new trial as to damages is affirmed."

On September 8, 2006, we denied National Union's petition for reargument of the appeal.

On remand, the plaintiff, pursuant to the authorization contained in the mandate, timely filed his acceptance of the remittitur and requested entry of judgment. Counsel for National Union, however, notwithstanding our dismissal of National Union's appeal, our affirmance of the Superior Court's grant of a remittitur, and our subsequent denial of his petition for reargument, moved in Superior Court *inter alia* for summary judgment or alternatively for judgment as a matter of law for National Union, and the trial justice, treating the motion as filed under Super. R. Civ. P. 50, granted the motion and entered judgment dismissing the action against National Union.

The case is now before us on the plaintiff's so-called Emergency Post Mandate Motion for Further Order of the Court. Plaintiff contends that counsel for National Union in his motions and arguments below and the trial justice in accepting those arguments disregarded or exceeded the instructions contained in our mandate. We will treat plaintiff's filing as a petition for common law writ of certiorari.

After reviewing the instant petition, the parties' memoranda, and the accompanying papers, we are in agreement with plaintiff's contentions. We conclude that the Opinion issued in this case, including this Court's mandate, was clear. Because National Union's appeal was dismissed by this Court, its legal liability to plaintiff was no longer at issue. The Superior Court's options on remand were either to enter judgment for the plaintiff and against National Union, if plaintiff accepted the remittitur in accordance with the terms of the mandate, or to conduct a new trial limited to damages if plaintiff rejected the remittitur. Because plaintiff accepted the remittitur, the entry of judgment against National Union was the trial justice's only available option. The post mandate mo-

tions and the Superior Court's proceedings and decision thereon were therefore improper and unwarranted.

Accordingly, the petition for writ of certiorari is granted, the Superior Court order and judgment granting National Union's Rule 50 motion and entering judgment for National Union are summarily quashed, and the case is Ordered retained in the Superior Court for entry of judgment for plaintiff in the sum of $400,000.00, plus interest and costs.